Filed 5/28/25  P. v. Merchant CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| |
|---|
| **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.** |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084458 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF1406238) |
| JECARR FRANSWA MERCHANT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Bernard Schwartz, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from a second resentencing hearing after Jecarr Franswa Merchant was sentenced in 2017.  We affirmed the convictions for kidnapping (Pen. Code,[1] § 207, subd. (a)) and dissuading a witness (§ 136.1, subd. (c)(1)).  (*People v. Merchant* (2019) 40 Cal.App.5th 1179.)

---

1      All statutory references are to the Penal Code.

In 2022, the trial court held a resentencing hearing and reimposed the previous sentence. The court sentenced Merchant to a determinate term of 27 years in prison. The court imposed an upper term for simple kidnapping, which was then doubled for a prior strike for a 16-year term. The court imposed a full-strength middle term for dissuading a witness for an additional six-year term. The court added five years for the serious felony prior (§ 667, subd. (a)).

Merchant appealed and this court remanded the case for a second resentencing hearing. (*People v. Merchant* (June 30, 2023, D080509) [nonpub. opn.].)

Following a hearing, the court again imposed a 27-year determinate term. Merchant filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Merchant the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

We set forth a summary of the facts of the offenses in our opinion affirming the convictions. (*People v. Merchant*, *supra*, 40 Cal App.5th at pp. 1182–1184.) We will not repeat that summary here.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the

2

potential merits of this appeal:  Whether the trial court erred in reimposing the 27-year determinate sentence.

We have independently reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Merchant on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.